# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6033 | **DATE** | 2/7/13 |
| **CASE TITLE** | Nedrick Jeffrey Hardy, Sr. (B-50437) vs. Pat Quinn, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [R. 3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $8.44 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint within 30 days of the date of this order. Plaintiff's failure to comply timely with this order will result in summary dismissal of this case. The clerk is directed to send Plaintiff an amended complaint form. Plaintiff's motion for a a preliminary injunction [R. 4] is denied. His motion for the appointment of counsel [R. 6] is denied.

■[ For further details see text below.]                                     Docketing to mail notices.

---

## STATEMENT

 Plaintiff, Nedrick Hardy, an inmate incarcerated at Stateville Correctional Center, has filed this 42 U.S.C. § 1983 civil rights suit against Governor Pat Quinn, Illinois Department of Corrections Director Salvador Godinez, Warden Marcus Hardy, Stateville Counselor Jerry Baldwin, Grievance Officer Colleen Franklin, Gladye Taylor, Wexford Health Sources, and the State of Illinois. Plaintiff alleges that Stateville is an "old, run down, and falling apart correctional facility that's understaffed and underfunded." (Compl. at 12.) He states that there are numerous problems, and that the State refuses to correct them in order to save money. In addition to alleged poor conditions, Plaintiff generally asserts that medical attention to inmates has been delayed because of under-funding.

 Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $8.44. The trust fund officer at Plaintiff's place of incarceration is directed to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

 Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The complaint, as currently drafted, cannot proceed. Plaintiff raises, at the very least, two sets of claims: deliberate indifference to prison conditions and deliberate indifference to medical needs. Neither set of claims appears related to the other, nor do they appear to involve the same Defendants. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007). "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Accordingly, to proceed with this case, Plaintiff must

---

narrow the complaint to only related claims and include only those Defendants related to those claims. If any of the claims of this case are also raised in Plaintiff's later-filed cases, he should not repeat claims. If he has repeated claims and would prefer to proceed with his other cases instead of this one, he may voluntarily dismiss this case.

Additionally, and perhaps more importantly, Plaintiff's complaint provides insufficient notice of his claims. Under the notice pleading requirement of Fed. R. Civ. P. 8(a), a plaintiff need not state extensive details, but he must at least provide a short plain statement about each claim to provide each defendant with notice of the claim, as well as the grounds upon which the claim is based. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Plaintiff lists a number of problems: there are too few doctors, nurses, and medical technicians, which causes delays in medical treatment; the water is brown, smells like sewerage and chlorine, and contains radium; vents are never cleaned and have vegetation and/or mold growing in them; windows are not opened during summers, allowing temperatures to reach over 90 degrees inside cells; broken windows are not fixed during winter and allow freezing temperatures in cells; there is a bug infestation, for which no one sprays because they are not paid; his cell is too small for two inmates and does not have enough room to exercise; shower drains are backed up and allow water to accumulate, thus forcing Plaintiff to come in contact with water that other inmates with open sores have used; cell searches are conducted by officers who do not clean their hands; and food trays are not cleaned properly. However, Plaintiff does not indicate which claim is being asserted against which Defendant or how each Defendant is responsible for the conditions and lack of medical care. The complaint thus fails to provide sufficient notice to each Defendant as to what claim is being asserted against him or her and the grounds upon which the claim is based.

Accordingly, the complaint is dismissed. Plaintiff is given 30 days to submit an amended complaint that complies with both *George* and the notice-pleading requirements of Rule 8(a)(2). His failure to submit an acceptable complaint by that time will result in the dismissal of this case.

Finally, Plaintiff's motion for a preliminary injunction about a lack of drinking water in his cell is denied. The prerequisites to granting a preliminary injunction are well established. "To prevail on a motion for a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007), quoting *FoodComm Int'l. v. Berry*, 328 F.3d 300, 303 (7th Cir. 2003). If the moving party meets the first three requirements, then the district court must then balance the relative harms that could be caused to either party. *Woods*, 496 F.3d at 622, citing *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). A preliminary injunction is an "extraordinary remedy" intended to minimize the hardship to the parties and to preserve the status quo pending a more considered decision of the merits when possible. *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).

Issuance of a preliminary injunction is not warranted in this case. First, Plaintiff does not state that he has been without drinking water, just drinking water from his sink. Although a complete lack of drinking water may state a constitutional claim, *Davis v. Biller*, No. 00 C 50261, 2003 WL 22764872, 2 (N.D. Ill. Nov. 19, 2003) (Reinhard, J.), a claim that a prisoner is unable to drink water from the sink in his cell, by itself, is insufficient. *See Kendrick v. Freeman*, No. 07-0395, 2008 WL 1816465, 4 (N.D. Ind. April 21, 2008) (Springmann, J.) (receiving something to drink with meals three times a day, but no other access to drinking water, was not an unconstitutional condition of confinement). Also, the issue of radium in the water at Stateville has been found not to rise to the level of a constitutional violation. *See Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001). Plaintiff has thus demonstrated neither irreparable harm nor a likelihood of success on the merits with the claim for which he seeks preliminary injunction. *United States v. NCR Corp.*, __ F.3d __, 2012 WL 3140191 at *3-6 (7th Cir. July 23, 2012). His motion for a preliminary injunction is therefore denied.