# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Thomas M. Durkin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6033 | **DATE** | 5/9/13 |
| **CASE TITLE** | Nedrick Jeffrey Hardy, Sr. (B-50437) vs. Pat Quinn, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed with his amended complaint [16] against Stateville Counselor Jerry Baldwin, Grievance Officer Colleen Franklin, Chief Engineer G. Luschinger, former Warden Marcus Hardy, former and current IDOC Directors Gladye Taylor and Salvador Godinez. The clerk shall issue summonses for service of the amended complaint on these Defendants. Wexford Health Sources, as well as any other Defendant listed in the amended complaint or that is still listed on the docket from Plaintiff previous complaint, is dismissed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Plaintiff Nedrick Hardy, an inmate incarcerated at Stateville Correctional Center, has filed an amended 42 U.S.C. § 1983 civil rights complaint in accordance with the Court's February 7, 2013, order. Plaintiff alleges that he has been exposed to the following adverse conditions: black mold; mice, bird, and roach droppings; lead paint; radium contaminated water; extreme heat in summer and extreme cold in winter due to broken windows in his cell house; and dirty, unsanitary plates due to the dishwasher not working. He further alleges that he has had inadequate access to cleaning supplies, inadequate ventilation, and inadequate exercise due to cell overcrowding. Plaintiff states that his grievances about the conditions submitted to his prison counselor Jerry Baldwin, Grievance Officer Franklin, former Warden Hardy, former acting Illinois Department of Corrections ("IDOC") Director Gladey Taylor, and current IDOC Director Godinez were ignored. Plaintiff also contends that he requested medical attention for health issues resulting from prison conditions, but Wexford Health Sources understaffs the prison such that Plaintiff received no treatment. Lastly, Plaintiff states that Chief Engineer G. Luschinger refused to fix the broken windows.

   Plaintiff's allegations state colorable claims against the Stateville and IDOC Defendants. *Gillis v. Litscher*, 468 F.3d 488, 491-92 (7th Cir. 2006); *Sanders v. Sheahan*, 198 F.3d 626, 628-29 (7th Cir. 1999); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (all three cases addressing claims of deliberate indifference with prison conditions similar to those alleged by Plaintiff); *see also Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (prison officials, even supervisory ones, though not vicariously liable for the actions of subordinate officers, may be liable if they knew of unconstitutional conditions and condoned, facilitated, or turned a blind eye to them). The amended complaint may thus proceed against the Stateville and IDOC Defendants, who must respond to it.

   As to Wexford Health Sources, however, Plaintiff states only broad allegations that he "put in for sick call for" his medical needs resulting from the above stated conditions, but was not called to the health care unit "as a direct result of overcrowding and understaffing." (Amended Compl. at ¶ 16.) He further states that there are "not enough doctors med techs, and nurses to adequately see and/or treat the 1,600 inmates housed at Stateville." (*Id.* at ¶ 34.) Plaintiff provides little to no information about his medical needs or his medical requests. Unlike his claims against the Stateville and IDOC Defendants, wherein he states that he wrote letters and submitted grievances

| STATEMENT |
|---|

to them, with respect to Wexford, Plaintiff alleges simply that he had medical issues and that there were or are not enough medical personnel at Stateville. Such broad assertions are insufficient to state a claim against Wexford. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (speculative allegations may be too sketchy to support a claim). Accordingly, Wexford is dismissed as a Defendant.

The clerk shall issue summonses for service of the amended complaint on Stateville Counselor Jerry Baldwin, Grievance Officer Colleen Franklin, Chief Engineer G. Luschinger, former Warden Marcus Hardy, and former and current IDOC Directors Gladye Taylor and Salvador Godinez. Any other Defendants listed in the amended complaint or that are still listed on the docket from Plaintiff previous complaint are dismissed. The Marshal is directed to make all reasonable efforts to serve the Defendants. If the Marshal requires information to accomplish service, the Marshal shall send Plaintiff forms, which he must complete and return to the Marshal. Plaintiff's failure to return completed forms to the Marshal will result in the dismissal of Defendants. With respect to any former jail employees, Stateville and IDOC officials shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service; however, if unable to obtain a waiver of service, the Marshal shall attempt to serve the Defendants personally.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to the Defendants or, if represented by counsel, to counsel for the Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.